**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: ) | CASE No. | 17-20763 (JJT) |
| ) | | |
| JANE E. BYFIELD-HALL ) | | |
| a/k/a JANE E. HALL, ) | CHAPTER | 13 |
| DEBTOR. ) | | |
| ) | | |
| JANE E. BYFIELD-HALL ) | ADV. PRO. No. | 18-02067 (JJT) |
| a/k/a JANE E. HALL, ) | | |
| PLAINTIFF ) | RE: ECF Nos. | 1, 9 |
| V. ) | | |
| ) | | |
| REVERSE MORTGAGE SOLUTIONS, ) | | |
| INC., AS SERVICER FOR FINANCE OF ) | | |
| AMERICA REVERSE, LLC, ) | | |
| DEFENDANT. ) | | |

**RULING AND MEMORANDUM OF**
**DECISION ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is the motion to dismiss ("Motion," ECF No. 9) of the defendant, Reverse Mortgage Solutions, Inc. ("Defendant"). In the Motion, the Defendant argues that the adversary complaint ("Complaint," ECF No. 1) filed by the debtor, Jane E. Byfield-Hall ("Debtor"), should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The Court assumes the parties' familiarity with allegations in the Complaint. Having reviewed those allegations, the Court GRANTS the Motion.

The Defendant first argues that the Complaint should be dismissed for lack of standing. Specifically, the Defendant contends that, under Fed. R. Civ. P. 17(c), the Debtor may not be the proper party to bring the adversary proceeding because the Complaint alleges that the Debtor is under the care of a conservator. Rule 17(c) states in pertinent part that a conservator "may sue

. . . on behalf of . . . an incompetent person[.]" Although "Rule 17(c) has always been viewed as permissive and not mandatory[,]" *Ad Hoc Comm. of Concerned Teachers ex rel. Minor & Under-Age Students Attending Greenburgh Eleven Union Free Sch. Dist. v. Greenburgh # 11 Union Free Sch. Dist.*, 873 F.2d 25, 29 (2d Cir. 1989), it is unclear from the face of the Complaint whether the Debtor had the power to commence this case under Connecticut law. Although "a conserved person . . . shall retain all rights and authority not expressly assigned to the conservator[,]" Conn. Gen. Stat. § 45a–650(*l*), "there has been created a common law rule that a conserved person, like a minor, does not have the legal capacity to bring a civil action in his or her own name, but must do so through a properly appointed representative, except in limited circumstances." *Luster v. Luster*, 128 Conn. App. 259, 273, 17 A.3d 1068 (2011). Those exceptions are irrelevant to this case. *See id.*

In any regard, the Complaint makes clear that the Debtor is involuntarily conserved but indicates no role of the conservator in this action. Moreover, the Debtor has not responded to the instant motion. Because on the face of the Complaint, it appears that the Debtor is not the proper party to bring this adversary proceeding, the Court must dismiss for lack of subject matter jurisdiction. The Court, accordingly, does not address the Defendant's argument that the Complaint should be dismissed for failure to state a claim upon which relief may be granted because questions of subject matter jurisdiction are threshold questions to proceeding on the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998).

For the foregoing reasons, the Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED at Hartford, Connecticut this 2nd day of January 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut